IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN THE MATTER OF          :

                     CASE NO. 04-05073
CARMEN MARIA MARRERO RODRIGUEZ :
JOSE RAMON SANTIAGO MEDINA       CHAPTER 13

    DEBTORS              :

------------------------------ :

DEBTORS AS THE          :

    PLAINTIFFS          :    ADV. PROC. NO. 04-00213

       v.             :

GENERAL ELECTRICAL CAPITAL   :
CORP. OF P.R.

    DEFENDANTS          :

------------------------------ :

**FILED & ENTERED**

**JUL 1 1 2005**

CLERK
U.S. BANKRUPTCY COURT
SAN JUAN, PUERTO RICO

## OPINION AND ORDER

Before the Court is Debtors' request for judgment on the pleadings in this adversary complaint concerning the willfull violation of the automatic stay. For the reasons set forth below, we grant a partial judgment on the pleadings finding GE Capital ("GE") willfully violated the automatic stay, and sever Debtors' request for damages, scheduling it for a pretrial hearing.

The parties do not dispute these material facts. When the Debtors filed for bankruptcy they included GE in their schedules and creditor address list, and GE was notified of the filing and of the effects of automatic stay. GE attended the §341 meeting of creditors and filed proofs of claims. Approximately two months after Debtors filed for bankruptcy, GE sent a letter to Debtors attempting to collect a pre-petition debt, prompting this complaint.



Debtors argue GE does not dispute it had knowledge of the existence of the automatic stay, and that it sent the collection letter. These actions show GE unequivocally violated the stay. Thus, under Code §362(h), Debtors should be awarded actual and punitive damages, costs and attorney's fees caused by the violation.

GE Capital answered and requested dismissal of the complaint. GE Capital alleges that the collection letter received by Debtors is a standard one, sent to every person who has defaulted. Cf. Mc Cormack v. Federal Home Loan Mortgage, (In re Mc Cormack), 203 B.R. 521,524 (Bankr. N.H. 1996). Hence, it does not provide any proof that GE intended to violate the stay entered in this case.

However, the First Circuit has clearly stated that

A willful violation does not require a specific intent to violate the stay. The standard for willful violation of the automatic stay under §362(h) is met if there is knowledge of the stay and the defendant intended the actions which constituted the violation. In cases where the creditor received actual notice of the automatic stay, courts must presume that the violation was deliberate. The debtor has the burden of providing the creditor with actual notice. Once the creditor received actual notice, the burden shifts to the creditor to prevent violations of the automatic stay.

Fleet Mortgage Group, Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999) (citations omitted)



Here, it is uncontested that Debtors or the Clerk provided GE with actual notice of the automatic stay. At that point the burden shifted upon GE who then must show actions it took to prevent violation of the stay. GE is silent in this regard. Thus, it has not met its burden of proof.

GE also alleges, that in the absence of intention, the

violation is merely technical citing <u>McMullen v. Sevigny (In re McMullen)</u>, 386 F.3d 320 (1st Cir. 2004). GE's reliance on <u>McMullen</u> is misplaced. <u>McMullen</u> clearly states that absent *knowledge*, not intention, of the pendency of the bankruptcy case on the part of the creditor, the violation is merely "technical". Hence, the rule continues to be the one set forth in the *Kaneb* case, *supra*.

Finally, GE claims Debtors have failed to provide evidence of actual damages. However, Debtors plead for damages and these cannot be denied without giving an evidentiary hearing. <u>Rijos v. Vizcaya (In re Rijos)</u>, 263 B.R. 382 (B.A.P. 1st Cir. 2001).

WHEREFORE, we find that GE has violated the automatic stay and sever the request for damages, scheduling it for a pretrial hearing on October 6, 2005 at 9:30 a.m.

SO ORDERED, in San Juan, Puerto Rico, on July 8, 2005.

SARA DE JESUS
U.S. Bankruptcy Judge